WILSON TURNER KOSMO LLP
MERYL C. MANEKER (188342)
LETICIA C. BUTLER (253345)
OLIVIA J. MINER (306546)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
E-mail: mmaneker@wilsonturnerkosmo.com
E-mail: lbutler@wilsonturnerkosmo.com
E-mail: ominer@wilsonturnerkosmo.com

STEVENS & LEE
ROBERT PAUL DONOVAN (*Admitted Pro Hac Vice*)
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
E-mail: robert.donovan@stevenslee.com

STEVENS & LEE
NICHOLAS HOWARD PENNINGTON (*Admitted Pro Hac Vice*)
620 Freedom Business Center Drive, Suite 200
King of Prussia, Pennsylvania 19406
Telephone: (610) 205-6352
E-mail: nicholas.pennington@stevenslee.com

Attorneys for Defendant,
ARIZONA BEVERAGES USA LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SCHEIBE, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:23-cv-00998-RBM-BLM<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR TO STAY ACTION**<br><br>Hearing Date: September 25, 2023<br>Judge: Hon. Ruth Bermudez Montenegro<br>Courtroom: 5B<br><br>Magistrate: Hon. Barbara L. Major<br>Courtroom: Suite 1110<br><br>Trial Date:      Not Set<br>Complaint Filed: May 30, 2023 |

Case No. 3:23-cv-00998-RBM-BLM

DEFENDANT'S MEMORANDUM AND POINTS OF AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>**TABLE OF CONTENTS**</u>

TABLE OF AUTHORITIES ...................................................................................... iii

I.   SUMMARY OF ARGUMENT/STATEMENT OF ISSUES
     PRESENTED .................................................................................... 1

II.  PROCEDURAL HISTORY .......................................................... 2

III. ARGUMENTS AND AUTHORITIES ......................................... 3

     A.   The First-to-File Rule Authorizes Dismissal or a Stay ...................... 3

          1.   Chronology of the Jamison Action ............................................ 4

          2.   Similarity of the Parties in the Jamison Action.......................... 4

          3.   Similarity of the Issues Presented in the Jamison Action .......... 5

          4.   Chronology of the Smiley Action ............................................... 5

          5.   Similarity of the Parties in the Smiley Action ........................... 5

          6.   Similarity of the Issues in the Smiley Action ............................ 6

     B.   Plaintiff's Claims Are Subject to The Heightened Pleading
          Standard of Rule 9(b) But Fail to Allege The Requisite
          Particularity.............................................................................. 7

     C.   Plaintiff Lacks Article III Standing to Seek Injunctive Relief
          Because He Fails to Plausibly Allege Actual and Imminent
          Future Injury ........................................................................... 8

     D.   Plaintiff's Claims Are Expressly Preempted ..................................... 11

          1.   The FDA Regulates Preservatives ............................................. 12

          2.   Because Plaintiff Fails to Allege Any FDCA Violation
               With Regard to Defendant's Labeling, Plaintiff's Claims
               Are Expressly Preempted .......................................................... 12

     E.   Plaintiff Fails to State a Claim Upon Which Relief May Be
          Granted ..................................................................................... 13

DEFENDANT'S MEMORANDUM AND POINTS OF AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

1    1.   The UCL Claims, For Unfair, Fraudulent and Unlawful
2         Conduct, at Counts One Through Three, Fail to Plead
          Required Facts to Show That A Reasonable Consumer Is
3         Likely To Be Deceived By Defendant's Conduct .................... 14

4    2.   The UCL Claim, For Unfair Conduct, In Count One,
5         Fails to Plead Required Facts to State A Claim ...................... 15

6    3.   Plaintiff's UCL Claim Of "Unlawful Conduct" at Count
          Three, Fails Because Plaintiff Does Not Assert a
7         Predicate Violation of the Law ............................... 16

8    4.   Plaintiff's CLRA Claim, at Count Five, Is Based On An
9         Alleged Non-Disclosure But Fails to Allege Any
          Circumstances That Would Establish A Duty to Disclose
10        To Plaintiff ............................................. 16

11   5.   Plaintiff Fails To State a Claim for Equitable Relief
12        Because He Does Not Allege an Inadequae Remedy At
13        Law .................................................. 17

14   6.   Plaintiff Has Not Stated a Claim for Unjust Enrichment
15        As:  (a) No Cause of Action Exists; (b) It is Duplicative
          Of Other Claims; and (c) Lacks Requisite Facts ..................... 18

16 IV.  CONCLUSION ............................................. 19
17

18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S MEMORANDUM AND POINTS OF AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alltrade, Inc. v. Uniweld Prod., Inc.*,
  946 F.2d 622 (9th Cir. 1991)..................................................................... 3

*Almeida v. Apple, Inc.*,
  2022 WL 1514665 (N.D. Cal. May 13, 2022)..................................... 17

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................. 13, 14

*Astiana v. Hain Celestial*,
  783 F.3d 753 (9th Cir. 2015)........................................................ 18

*Brown v. Mars Wrigley Confectionery US, LLC*,
  2021 WL 4499228 (N.D. Cal. Apr. 13, 2021)..................................... 6

*Chapman v. Pier 1 Imps. (U.S.), Inc.*,
  631 F.3d 939 (9th Cir. 2011)......................................................... 9

*Cimoli v. Alacer Corp.*,
  546 F. Supp. 3d 897 (N.D. Cal. 2023) ......................................... 10

*City of Arcadia v. U.S. Env't. Prot. Agency*,
  411 F.3d 1103 (9th Cir. 2005)........................................................ 13

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983)...................................................................... 9

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013)..................................................................... 9

*Clardy v. Pinnacle Foods Grp., LLC*,
  2017 WL 57310 (N.D. Cal. Jan. 5, 2017) ................................... 4

*Davidson v. Kimberly-Clark Corporation*,
  889 F. 3d 956 (9th Cir 2018)..................................................... 9, 10

*Dist. Council 16 N. California Health & Welfare Tr. Fund v. Hulsey Contracting Inc.*,
  2021 WL 2778996 (N.D. Cal. July 2, 2021)................................. 9

DEFENDANT'S MEMORANDUM AND POINTS OF AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016)................................................................................. 14

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011)............................................................................. 13

*Garrison v. Whole Foods Market Group, Inc.*,
   2014 WL 2451290 (N.D. Cal. June 2, 2014)..................................................... 18

*Hanscom v. Reynolds Consumer Prod. LLC*,
   2022 WL 591466 (N.D. Cal. Jan. 21, 2022)..................................................... 17

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)......................................................................... 7, 8

*Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
   787 F.3d 1237 (9th Cir. 2015)............................................................................. 3

*Lamke v. Sunstate Equip. Co.*,
   LLC 387 F. Supp. 2d 1044 (N.D. Cal. 2004)..................................................... 18

*In re Lidoderm Antitrust Litig.*,
   103 F. Supp. 3d 1155 (N.D. Cal. 2015) ............................................................ 18

*Lopes v. Washington Mut. Bank, FA*,
   302 F.3d 900 (9th Cir. 2002)............................................................................ 16

*Nacarino v. Chobani, LLC*,
   2021 WL 3487117 (N.D. Cal. Aug. 9, 2021) ................................................... 17

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993).................................................................................. 7

*In Re Njoy, Inc. Consumer Class Action Litigation*,
   2014 WL 12586074 (C.D. Cal. Oct. 20, 2014)................................................... 8

*Peterson v. Cellco P'ship*,
   164 Cal. App. 4th 1583 (2008) ......................................................................... 19

*Rahman v. Mott's LLP*,
   2018 WL 4585024 (N.D. Cal. Sept. 25, 2018) ................................................. 10

*Robie v. Trader Joe's Co.*,
   2021 WL 2548960 (N.D. Cal. June 14, 2021)................................................... 18

DEFENDANT'S MEMORANDUM AND POINTS OF AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

*Roffman v. Rebbl, Inc.*,
    2023 WL 1420724 (N.D. Cal. Jan. 31, 2023) ..................................................... 17

*Scilex Pharm. Inc. v. Sanofi-Aventis U.S. LLC*,
    552 F. Supp. 3d 901 (N.D. Cal. 2021) .................................................................. 8

*Sharma v. Volkswagen AG*,
    524 F. Supp. 3d 891 (N.D. Cal. 2021) ................................................................ 18

*Silva v. First Transit, Inc.*,
    2021 WL 2213203 (N.D. Cal. Mar. 1, 2021) .................................................. 3, 4

*Sonner v. Premier Nutrition Corporation*,
    971 F.3d 834 (9th Cir. 2020) ......................................................................... 17, 18

*Sultanis v. Champion Petfoods USA Inc.*,
    2021 WL 3373934 (N.D. Cal. Aug. 3, 2021) ....................................................... 8

*Troyk v. Farmers Crp., Inc.*,
    171 Cal. App. 4th 1305 (2009) ........................................................................... 19

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .............................................................................. 7

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ........................................................................... 16

*Wong v. Old Lyme Gourmet Co.*,
    2021 WL 5909209 (N.D. Cal. Mar. 22, 2021) ..................................................... 3

**Statutes**

California Business & Professions Code § 17200, *et seq.* ............................... *passim*

California Business & Professions Code § 17500, *et seq.* ............................... *passim*

California Consumer Legal Remedies Act, Civil Code § 1750, et seq. .......... *passim*

**Other Authorities; Rules**

Federal Rule of Civil Procedure 9(b) .................................................................. 7, 8

Federal Rule of Civil Procedure 12(b)(1) ......................................................... 1,8,9

Federal Rule of Civil Procedure 12(b)(6) ....................................................... 1, 13

DEFENDANT'S MEMORANDUM AND POINTS OF AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

# I. <u>SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED</u>

Defendant, Arizona Beverages USA LLC ("Defendant" and/or "ABUSA"), submits the within memorandum of law in support of its motion to dismiss the complaint (ECF No. 1, at times, "Complaint" or "Compl."), filed by plaintiff, Jacob Scheibe ("Plaintiff"), and/or otherwise stay this action, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  All of the causes of action are subject to dismissal and/or a stay because:

• There is pending in the Northern District of California, a previously filed putative class action lawsuit ("the Jamison Action"), where the virtually same claims Plaintiff asserts here have been brought on behalf of the same putative class against ABUSA. Because the Jamison Action involves virtually the same claims, substantially similar parties, and is brought on behalf of a putative nationwide class and a California sub-class, the first-to-file rule applies and authorizes a dismissal or stay of this action. Separately, another previously filed action, pending in the United States District Court in Maryland ("the Smiley Action"), also triggers the first-to-file rule for similar reasons because both actions concern California purchasers of substantially similar products (i.e., ABUSA's fruit snacks).

• All of Plaintiff's claims, in counts one through seven, are based upon the same alleged unified course of fraudulent conduct, and hence all claims in the Complaint are governed by Federal Rule of Civil Procedure 9(b).  However, Plaintiff has failed to particularize the "what," "where," "when," and "how" of ABUSA's alleged conduct as required by Rule 9(b).

• Plaintiff lacks standing to seek injunctive relief under Article III because he does not plausibly allege a real and immediate threat of future harm.

• All of Plaintiff's claims, which seek to impose requirements that differ from the federal law, are expressly preempted by the Federal Food, Drug and Cosmetic Act ("FDCA"), as amended by the Nutrition Labeling and Education Act (Public Law 101-535,

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

1  104 Stat. 2352, Nov. 8, 1990) ("NLEA"), which governs the labeling of a preservative. *See*
2  21 U.S.C. § 343-1(a)(3).

3  •  Plaintiff's first, second and third causes of action, for violation of the Unfair
4  Competition Law, Business & Professions Code §17200 ("UCL"), fail to plead facts
5  establishing that a "reasonable consumer" is likely to be deceived by Defendant's
6  conduct.

7  •  The first cause of action, for violation of the unfair prong of the UCL, fails to
8  allege facts that would constitute unfair conduct based upon any of the generally
9  recognized standards under California law.

10  •  The third cause of action, for violation of the unlawful prong of the UCL, fails to
11  state a claim on which relief can be granted due to the failure to plead a predicate
12  violation of any substantive law.

13  •  The fifth cause of action, alleging violation of the California Consumer Legal
14  Remedies Act, Civil Code § 1750, *et* seq. ("CLRA"), asserting that Defendant
15  "deceptively failed to reveal facts," does not contain allegations that would establish a
16  duty to disclose.

17  •  Plaintiff fails to state a claim for equitable relief, in the form of restitution and/or
18  unjust enrichment, because he does not assert that an inadequate remedy at law exists.

19  •  Plaintiff's unjust enrichment claim, in the sixth cause of action, fails as a matter
20  of law because:  (a) California does not recognize this cause of action; (b) it is
21  duplicative of other claims in the Complaint; and (c) the claim is insufficiently pled.

22  ## II. **PROCEDURAL HISTORY**

23  Plaintiff filed the Complaint on May 30, 2023.  (ECF No. 1 or, at times,
24  "Compl.").  Plaintiff alleges that the labels on Defendant's "Mixed Fruit Snacks",
25  "Green Tea Fruit Snacks" and "Arnold Palmer Fruit Snacks" ("Scheibe Products") are
26  deceptive in stating "No Preservatives" on the labels because those products contain
27  citric acid, an alleged preservative. (ECF No. 1, ¶¶ 19-22, pp. 4-5; 26, p. 6; 50, p. 7; 52,
28  p. 57 and 53). Plaintiff asserts claims under the UCL based upon "unfair," "fraudulent,"

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

1  and "unlawful" conduct (*Id.*, ¶¶ 56-79, pp. 12-15); the False Advertising Law, Business

2  & Professions Code § 17500 ("FAL") (ECF No. 1, ¶¶ 80-86, p. 15); the CLRA (*Id.*,

3  ¶¶ 87-113, pp. 16-17); for unjust enrichment (*Id.*, ¶¶ 114-121, pp.17-18); and breach of

4  express warranty.  (*Id.*, ¶¶ 122-126, pp. 18-19).

5        The claim that the citric acid in the Scheibe Products is a preservative is denied

6  and, further, is unsupported by the isolated and conclusory allegations in the Complaint

7  that are not alleged to have anything to do with the Scheibe Products.  Also, as

8  demonstrated below, this action appears to be a copycat of others and parrots causes of

9  action asserted in previously filed lawsuits by this Plaintiff.

### III.  ARGUMENTS AND AUTHORITIES

**A.    The First-to-File Rule Authorizes Dismissal Or A Stay**

12        The first-to-file rule "allows a district court to transfer, stay, or dismiss an action

13  when a similar complaint has already been filed in another federal court." *Alltrade,*

14  *Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).   Three factors are

15  considered when deciding whether to apply the rule:  "chronology of the lawsuits,

16  similarity of the parties, and similarity of the issues." *Kohn L. Grp., Inc. v. Auto Parts*

17  *Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citation omitted).  The rule

18  is intended to "promot[e] efficiency well and should not be disregarded lightly." *Id.*

19  (citing *Alltrade, Inc.*, 946 F.2d at 625).  Judges are given "ample discretion in deciding

20  whether to apply the first-to-file rule." *Silva v. First Transit, Inc.*,

21  No. 20-CV-02285-JSW, 2021 WL 2213203, at *2 (N.D. Cal.  Mar. 1, 2021)(citation

22  omitted).  By applying the rule, this Court would prevent the unnecessary utilization of

23  its resources and further, avoid the potential of inconsistent rulings.

24        When the relevant factors weigh in favor of applying the first-to-file rule, courts

25  often stay or dismiss the later-filed action.  *See Wong v. Old Lyme Gourmet Co.*,

26  No. 20-CV-07095-WHO, 2021 WL 5909209, at *6 (N.D. Cal.  Mar. 22, 2021)

27  (granting motion to stay putative class action based on first-to-file rule); *Silva*,

28  2021 WL 2213203, at *5 (dismissing putative class action based on first-to-file rule);

*Clardy v. Pinnacle Foods Grp., LLC*, No. 16-CV-04385-JST, 2017 WL 57310, at *4 (N.D. Cal. Jan. 5, 2017) (granting motion to stay putative class action based on first-to-file rule). Both actions, identified below, were filed prior to this action and provide independent bases to apply the first-to-file rule and dismiss or stay this action.

**1.    Chronology of the Jamison Action** – The Jamison Action was commenced on March 1, 2023 in the United States District Court for the Northern District of California, Civil Action No. 3:23-cv-00920. (Request for Judicial Notice ("RJN"), Ex. A). Plaintiff filed the instant action on May 30, 2023. (ECF No. 1). Because the Jamison Action was filed before the instant matter, the "chronology" factor weighs in favor of dismissal.

**2.    Similarity of the Parties in the Jamison Action** – The parties must be "substantially similar and need not be identical." Silva, 2021 WL 2213203, at *2 (citing Kohn Law Grp., Inc., 787 F.3d at 1240. Further, in a class action context, the putative classes, not the class representatives, are compared to determine whether the identity of the parties has been satisfied. Silva, 2021 WL 2213203, at *3 (citation omitted).

There are substantially similar plaintiffs given the overlapping putative classes. Plaintiff in this action, and in the plaintiff in Jamison Action, seek to represent persons in California who purchased Defendant's fruit snacks, including those labeled "Fruit Snacks Mixed Fruit" ("Mixed Fruit Snacks"). (ECF No. 1, ¶¶ 20, p. 4; RJN, Ex. B, ¶¶ 1, fn. 1, 4 and 60(a)). The allegations in the Jamison Action also refer to Defendant's fruit snacks generally as being part of the claim (i.e. the Jamison Action does not allege that the claims are limited only to the Mixed Fruit Snacks). (RJN, Ex. B, ¶¶ 1 and fn. 1). Regardless, given that both actions sue over the same product (i.e. the Mixed Fruit Snacks), there can be no genuine question that the putative California class pled in the Jamison Action would include the same proposed class of purchasers, of the same fruit snacks, that Plaintiff seeks to represent here.

Plaintiff in the Jamison Action also sues the same defendant here, ABUSA. (RJN, Ex. B). The similarity of the parties weighs in favor of dismissal.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

**3.**     __Similarity of the Issues Presented in the Jamison Action__ –There is a substantial similarity between the issues presented in the Jamison Action and the within matter. The Jamison Action involves the same claims asserted here – alleged violations of the UCL, FAL, CLRA and unjust enrichment – concerning the same product, ABUSA's Mixed Fruit Snacks. (ECF No. 1, ¶¶ 56 (p. 12)-121; RJN, Ex. B, ¶¶ 70-145). As noted, the Jamison plaintiff and Plaintiff here allege that the Mixed Fruit Snacks (which includes one of the Scheibe Products) is deceptively labeled "No Preservatives" because of the presence of the same alleged preservative, citric acid. (Compare ECF No. 1, ¶¶ 20, 22, pp. 4-5, with allegations in Jamison Action, at RJN, Ex. B, ¶¶ 4, 5, 28-35).

Based upon the chronology of actions, the substantially similar parties, the same defendant, and same issues in dispute, just grounds exist to dismiss the Complaint or to stay this action pursuant to the first-to-file rule.

**4.**     __Chronology of the Smiley Action__ – The Smiley Action was filed on April 26, 2023 in the United States District Court for the District of Maryland, Northern Division, Civil Action No. 1:23-cv-01107-ELH. (RJN, Ex. C). Because the Smiley Action was filed before the instant matter, the factor of chronology weighs in favor of applying the first-to-file rule.

**5.**     __Similarity of the Parties in the Smiley Action__ – The Smiley Action and the instant action were brought against the same defendant, ABUSA. (*Id.*) With respect to putative classes, in the Smiley Action, the plaintiff asserts claims on behalf of nationwide purchasers of Defendant's fruit snack products, labeled "Sour Fruit Snacks" ("Sour Fruit Snacks"). The putative nationwide class in the Smiley Action overlaps as both actions concern California purchasers of the same and/or substantially similar products. (Compare RJN, Ex. C, ¶¶ 4, 22, 23 with product identified in ECF No. 1, ¶ 20, p. 4; also see overlapping class allegations at RJN, Ex. D, ¶¶ 10, 63(b) and ECF No. 1, ¶ 56, p. 8). Given that the Smiley Action is a putative nationwide class action, there is substantial similarity among the parties.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

**6.**    <u>**Similarity of the Issues in the Smiley Action**</u> – The claims in the Smiley Action concern the same and/or substantially similar products presently at issue, i.e., Defendant's fruit snacks.   The issues in the Smiley Action, regarding the alleged presence of preservatives, are virtually identical to the issues to be decided in this action. The plaintiff in the Smiley Action also alleges that the Sour Fruit Snacks are unlawfully labeled as having no preservatives due to the presence of citric acid.  (RJN, Ex. C, ¶¶ 22-33).  Plaintiff here makes the same allegations with respect to substantially similar fruit snacks.  (ECF No. 1, ¶¶ 19, 20, 22, 26, 51-55).

It is not necessary for the claims in the Smiley Action to concern the application of California law to support a finding of a similarity of issues.  *See Brown v. Mars Wrigley Confectionery US, LLC*, No. 20-CV-08292-JST, 2021 WL 4499228, at *2 (N.D. Cal. Apr. 13, 2021) (quoting *Worthington v. Bayer Healthcare, LLC*, Civ. Action No. 11-2793 (ES), 2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012)).  In *Brown*, the court found that even if the first-filed action, which sought to raise claims on behalf of a nationwide class, excluded claims based on California law and limited statutory claims to New York law, the issues in both cases would be substantially similar.  There remains a real prospect for conflicting court rulings between this action and the Smiley Action concerning whether:  the products, based upon the same allegations, contain or do not contain preservatives.

Further, the Smiley Action involves the same claim asserted here – for unjust enrichment – on behalf of nation-wide classes regarding substantially similar products. (RJN, Ex. C, ¶¶ 1, 4, 5, 139-145).  Defendant notes that a motion to dismiss is pending in the Smiley Action.  (RJN, Ex. E, Smiley ECF No. 13).

Defendant respectfully submits that the Smiley Action provides grounds (independent of the Jamison Action) to dismiss or to stay this action pursuant to the first-to-file rule.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

**B.** <u>**Plaintiff's Claims Are Subject to The Heightened Pleading Standard of Rule 9(b) But Fail to Allege The Requisite Particularity**</u>

Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993) (citations omitted). To satisfy Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations omitted).

Because Plaintiff's claims are based entirely upon the same course of alleged conduct (i.e. Defendant's alleged fraudulent misrepresentation that the Scheibe Products are falsely labeled as having no preservatives), all seven of Plaintiff's causes of action are governed by Rule 9(b). *See Scheibe v. Performance Enhancing Supplements, LLC*, 3:23-cv-00219-H-DDL, 2023 WL 3829694, at * 3 (June 5, 2023) (ruling that this very same Plaintiff, in a similar action, was required to satisfy the Rule 9(b) requirements with respect to the same causes of action pled here, including unjust enrichment and breach of warranty). In *Schiebe v. Performance Enhancing Supplements*, the court cited *Vess* in noting that "it is inconsequential that fraud is not an element of some of Plaintiff's claims. *Id.* "[A]ll seven claims are grounded in fraud and subject to Rule 9(b)'s heightened pleading requirement." *Id.; see also Scheibe v. Livwell Products, LLC*, 23-cv-00216-MMA, 2023 WL 4414580, at *4 (July 7, 2023) (noting, "[a]ll eight of Plaintiff's claims stem from the central allegation that Defendant engaged in deceptive practices through misleading labels on the Products, and as such the Court finds that all eight claims sound in fraud and are subject to Rule 9(b) scrutiny.")

As to the core misrepresentation claim that citric acid is a preservative, Plaintiff

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

offers scant allegations as to how or why that is alleged.  He cursorily refers to: (1) two FDA warning letters sent to others, dated over twenty years ago, and not alleged to concern preservatives; (2) an FDA overview and; (3) the general assertion that citric acid "used by food industry is universally produced using synthetic, chemical means." (ECF No. 1, ¶¶ 23-25).  There are no allegations, however, as to how and why the citric acid in the Scheibe Products are preservatives.

In addition to labels, Plaintiff claims misrepresentations are present in Defendant's marketing and/or advertisements.  (ECF No. 1, ¶ 21, p. 5; 22, p. 5; ¶¶ 80-84, p. 15; ¶115, p. 17).  However, Plaintiff does not plead what was stated in these "advertisements and marketing representations," when they were made, where these representations appeared, and whether Plaintiff ever saw these statements.

To state a claim for fraud based upon the alleged false advertising, Rule 9(b) requires Plaintiff to plead more particularity about those representations.  *See Kearns,* 567 F.3d at 1126 ("*Kearns* fails to allege in any of his complaints the particular circumstances surrounding such representations…[n]or did *Kearns* specify when he was exposed to them or which ones he found material"); *see also In Re Njoy, Inc. Consumer Class Action Litigation,* 2014 WL 12586074, at *10 (C.D. Cal.  Oct. 20, 2014).

Due to Plaintiff's failure to plead fraud with particularity, just grounds exist to dismiss all claims, in all counts, pursuant to Fed. R. Civ. P. 9(b).

## C. <u>Plaintiff Lacks Article III Standing To Seek Injunctive Relief Because There are No Plausible Allegations of Actual And Imminent Future Injury</u>

Pursuant to the Federal Rules of Civil Procedure, "[a] Rule 12(b)(1) motion will be granted if the complaint, considered in its entirety, fails on its face to allege facts sufficient to establish subject matter jurisdiction." *Sultanis v. Champion Petfoods USA Inc.*, No. 21-CV-00162-EMC, 2021 WL 3373934, at *3 (N.D. Cal.  Aug. 3, 2021).  "If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1)." *Scilex Pharm. Inc. v.*

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

1   *Sanofi-Aventis U.S. LLC,* 552 F. Supp. 3d 901, 909 (N.D. Cal. 2021) (citing *Cetacean*

2   *Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)). *See also Dist. Council 16 N.*

3   *California Health & Welfare Tr. Fund v. Hulsey Contracting Inc.*,

4   No. 20-CV-02863-JCS, 2021 WL 2778996, at *4 (N.D. Cal. July 2, 2021) (stating "A

5   plaintiff's standing under Article III of the United States Constitution is a component

6   of subject matter jurisdiction properly challenged under Rule 12(b)(1)").

7          Under Article III's standing requirement, in order to obtain injunctive relief, a

8   plaintiff must allege that a "real or immediate threat" exists that he or she will be

9   wronged again. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *see also*

10  *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) ("[T]o establish

11  standing to pursue injunctive relief . . . [plaintiff] must demonstrate a 'real and

12  immediate threat of repeated injury' in the future."). The "'threatened injury must be

13  certainly impending to constitute injury in fact,' and . . . 'allegations of possible future

14  injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)

15  (internal citations omitted). The alleged threat cannot be "conjectural" or

16  "hypothetical." *Lyons*, 461 U.S. at 101-02.

17         "[A] previously deceived consumer may have standing to seek an injunction

18  against *false* advertising or labeling, even though the consumer now knows or suspects

19  that the advertising was *false* at the time of the original purchase, because the consumer

20  may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future

21  harm." *Davidson v. Kimberly-Clark Corporation*, 889 F. 3d 956, 969 (9th Cir 2018)

22  (quoting *Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009) (emphasis supplied

23  in *Davidson*).

24         However, the distinctive feature in *Davidson* was that the plaintiff there plausibly

25  pled an inability to rely on the product's label in the future because that plaintiff had no

26  way of knowing the product was a flushable wipe until after purchase and use. *Id.* at

27  970-92; *see also Vitiosus v. Alani Nutrition, LLC,* No. 21-cv-2048-MMA (MDD), 2022

28  WL 2441303, at *7 (stating that under *Davidson*, "Plaintiffs must plausibly allege that

-9-          Case No. 3:23-cv-00998-RBM-BLM

1  they will be deceived again").

2  As part of his UCL, FAL and CLRA claims, Plaintiff seeks injunctive relief.

3  (Compl., ¶ 63, p. 13; ¶ 71, p. 14; ¶ 79, p. 15; ¶ 86, p. 15; ¶ 110, p. 17).  However, the

4  only future "injury" Plaintiff alleges is that, absent a "class-wide injunction," "Plaintiff

5  will be unable to rely on the Products' advertising or labeling in the future, and so will

6  not purchase the Products although he would like to."  (ECF No. 1, ¶ 53, p. 11).

7  In contrast to the circumstances in *Davidson*, Plaintiff here knows that the

8  Scheibe Products contain citric acid.  He can merely read the statement of ingredients,

9  which he does not claim to be false, to make that determination prior to any future

10  purchase.  Under those circumstances, merely pleading an inability to trust the labels in

11  the future, is not a plausible allegation of future harm.  *See Vitiosus,* 2022 WL at *7

12  (dismissing injunctive relief claims for lack of standing as "[u]nlike the plaintiff in

13  *Davidson*, Plaintiffs can ascertain whether Defendant's representation is true" by

14  checking the nutrition facts); *see also Stewart,* 537 F. Supp. 3d at 1127 (ruling that the

15  plaintiff did not establish Article III standing to seek injunctive relief because "[i]n the

16  future, Plaintiffs can cross-check their previous disappointing purchases by examining

17  the undisputed net weight on the face of Defendant's product" and the serving size on

18  the nutrition facts label).

19  Other courts have also considered a plaintiff's ability or inability to know whether

20  a representation is truthful when determining standing for injunctive relief under

21  *Davidson*.  *See Cimoli v. Alacer Corp.,* 546 F. Supp. 3d 897, 906 (N.D. Cal. 2023)

22  (stating that *Davidson* plaintiff had Article III standing because that plaintiff had no

23  way of determining whether the representation of flushable wipes was in fact true

24  without purchasing the wipes, and finding that "unlike the plaintiff in *Davidson*,

25  plaintiff has not (and cannot) reasonably claim that he has no way of determining

26  whether Defendant's representations are true") (other citations and quotations omitted);

27  *see also Rahman v. Mott's LLP,* 13-cv-03482-SI, 2018 WL 4585024, at *3 (N.D. Cal.

28  Sept. 25, 2018) (finding that, "[u]nlike *Davidson,* where a consumer's inability to rely

1  on packaging misrepresentations in the future was the ongoing injury, [plaintiff] is able

2  to rely on the packaging now that he understands the 'No Sugar Added' label").

3        Because Plaintiff fails to assert a plausible claim of a real and immediate threat

4  of future harm sufficient to confer standing, the claims for injunctive relief must be

5  dismissed pursuant to under Article III.

6  **D.    Plaintiff's Claims are Expressly Preempted**

7        The Federal Food, Drug and Cosmetic Act ("FDCA"), as amended by the Nutrition

8  Labeling and Education Act (Public Law 101-535, 104 Stat. 2352, Nov. 8, 1990)

9  ("NLEA"), "forecloses a 'State or political subdivision of a State' from establishing

10  requirements that are of the type but 'not identical to' the requirements in some of the

11  misbranding provisions of the FDCA." *POM Wonderful LLC v. Coca-Cola Co.,* 573 U.S.

12  102, 109 (2014) (quoting 21 U.S.C. § 343-1(a)).   The FDCA has express preemption

13  provisions that govern the labeling of a chemical preservative. *See* 21 U.S.C. § 343-1(a)(3).

14  That law states, in pertinent part, as follows:

15              "no State . . . may directly or indirectly establish . . . any
16              requirement for the labeling of food of the type required by
                section . . . 343(k) of this title that is not identical to the
17              requirement of such section . . . .

18        *Id.*   Title 21, Section 343(k) of the United States Code governs the labeling of,
19
   *inter alia*, a chemical preservative.  *See*, 21 U.S.C. § 343(k). The regulations, in turn,
20
   define the phrase "not identical" in the following manner:
21
              "Not identical to" does not refer to the specific words in the
22              requirement but instead means that the State requirement directly
                or indirectly imposes obligations or contains provisions
23              concerning the composition or labeling of food, or concerning a
                food container, that:
24
25              (i)   Are not imposed by or contained in the applicable
26                    provision (including any implementing regulation) of
                      section 401 or 403 of the act; or
27

28

-11-    Case No. 3:23-cv-00998-RBM-BLM

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

(ii)     Differ from those specifically imposed by or contained in the applicable provision (including any implementing regulation) of section 401 or 403 of the act.

21 .F.R § 100.1(c)(4).

### 1.     The FDA Regulates Preservatives

The FDA's regulations govern what a label must state if there is a preservative in the product.  In that regard, 21 C.F.R. 101.22(a)(5) states:

The term chemical preservative means any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties.

When preservatives are present in a product, 21 CFR 101.22(j) provides:

A food to which a chemical preservative(s) is added shall, except when exempt pursuant § 101.100 bear a label declaration stating both the common or usual name of the ingredient(s) and a separate description of its function, e.g., "preservative", "to retard spoilage", "a mold inhibitor", "to help protect flavor" or "to promote color retention."

### 2.     Because Plaintiff Fails to Allege Any FDCA Violation With Regard to Defendants' Labeling, Plaintiff's Claims Are Expressly Preempted

Plaintiff's claims are expressly preempted because there are no allegations that Defendant violated the FDCA by including "No Preservatives" on their product labels. Plaintiff refers to the FDA website concerning preservatives but does not allege that Defendant's ingredients are preservatives based upon the applicable regulation, i.e. 21 CFR 101.22(j).  (ECF No. 1, ¶ 24, p.6).

Plaintiff does not allege the citric acid in the Scheibe Products functions in a manner that falls within the definition of "chemical preservative" under the FDA's regulations. There are no allegations that the citric acid in the Scheibe Products acts to

-12-     Case No. 3:23-cv-00998-RBM-BLM

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

1   inhibit mold, help protect flavor or promote color retention in the Product.  Instead,
2   Plaintiff merely avers that "[h]ere, the Products use chemically produced citric acid as
3   a preservative." (*Id.*, ¶ 26, p. 6).  That conclusory allegation does not equate with the
4   standard that qualifies as a preservative under the FDCA.

5        As to citric acid, Plaintiff refers to an August 16, 2001 letter the FDA, sent to
6   Oak Tree Farm Dairy, and an August 29, 2001 letter the FDA sent to Hirzel. (*Id.*, ¶ 23,
7   p. 5).  However, these letters concern matters about artificial ingredients and/or the term
8   natural.  (*Id.*).  Moreover, these letters, sent to others, are not alleged to state whether
9   citric acid is a preservative in the Scheibe Products.

10        Plaintiff also does not allege that the FDCA prohibits Defendant from labeling
11   the Scheibe Products as having "no preservatives."  There is no such restriction under
12   the FDCA.  Plaintiff nevertheless seeks to impose such a prohibition here without
13   alleging that the ingredients at issue constitute preservatives under FDCA laws.

14        Because Plaintiff's claims seek to impose label requirements, with regard to
15   alleged preservatives, that are not based upon and thereby differ from the standards
16   under the FDCA, Plaintiff's claims are expressly preempted by 21 U.S.C. § 343-1(a)(3).

17   **E.     Plaintiff Fails To State a Claim Upon Which Relief Can Be Granted**

18        Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate where
19   a plaintiff's complaint lacks a cognizable legal theory or sufficient facts to support a
20   cognizable legal theory.  *See, e.g., City of Arcadia v. U.S. Env't. Prot. Agency,*
21   411 F.3d 1103, 1106 n.3 (9th Cir. 2005) (citation omitted).  Although factual allegations
22   are accepted as true, courts "do not assume the truth of legal conclusions merely because
23   they are cast in the form of factual allegations." *Fayer v. Vaughn,* 649 F.3d 1061, 1064
24   (9th Cir. 2011) (quotation omitted).  Under the Supreme Court's heightened plausibility
25   standard for pleading, a complaint must contain more than "labels and conclusions" or
26   a "formulaic recitation of the elements of a cause of action" to survive dismissal.
27   *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,*
28   550 U.S. 544, 555 (2007)).  The complaint must allege sufficient facts to "state a claim

1    to relief that is plausible on its face." *Id.* "The plausibility standard . . . asks for more

2    than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

3        **1.    The UCL Claims, For Unfair, Fraudulent and Unlawful Conduct, at**
           **Counts One Through Three, Fail to Plead Required Facts To Show**
4          **That A Reasonable Consumer Is Likely To Be Deceived By**
           **Defendants' Conduct**
5

6        It is well settled that claims under the UCL "are governed by the 'reasonable

7    consumer' test." *Dinan v. SanDisk LLC*, 2020 WL 364277, at \*6 (N.D. Cal. Jan. 22, 2020),

8    *aff'd* 844 F. App'x 978 (9th Cir. 2021) (quoting *Becerra v. Dr. Pepper/Seven Up, Inc.*,

9    945 F.3d 1225, 1228 (9th Cir. 2019). "To satisfy this test, a plaintiff must show [] that

10   members of the public are likely to be deceived" by the challenged conduct. *Id.* (citations

11   omitted). The "reasonable consumer" test applies to UCL claims brought under the unfair,

12   fraudulent, and unlawful prongs. *See Chuang v. Dr. Pepper Snapple Group, Inc.*, et al,

13   2017 WL 4286577 \*6 (C.D. Cal. 2017) (citing *Hadley v. Kellogg Sales Co.*, 243 F.Supp.3d

14   1074, 1098 (N.D. Cal. 2017) that applied "reasonable consumer" standard to claim under

15   the "unlawful" prong of the UCL). .

16       Plaintiff's Complaint is devoid of any factual allegations concerning whether and

17   how consumers, acting reasonably, would likely be deceived by the challenged conduct.

18   *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (mere possibility of consumers

19   would be deceived is insufficient to establish reasonable consumer test). While Plaintiff

20   avers deceptive conduct (Compl., ¶¶ 19-22, pp. 4-5; ¶ 31, p. 7; ¶50, p. 7; ¶ 59, p. 12; ¶¶

21   66-70, p. 13; ¶ 75, p. 14), he fails to assert those claims based upon the reasonable consumer

22   standard.

23       Plaintiff alleges, generally, that consumers relied on Defendant's labels. (Compl.,

24   ¶ 52, p. 7; ¶54, p. 8). These general "reliance" assertions are insufficient to satisfy the

25   reasonable consumer test. Because the Complaint alleges no facts that, if accepted as true,

26   would establish a significant portion of the general public could be misled by Defendant's

27   conduct, Plaintiff fails to state a claim under the UCL for alleged unfair, fraudulent or

28   unlawful conduct.

2. **The UCL Claim, For Unfair Conduct, In Count One, Fails to Plead Required Facts to State A Claim**

As observed in *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1156 (S.D. Cal. 2021), in consumer cases, there is a split of authority as to the test for unfairness under the UCL. The court there summarized three potential applicable tests applied by the courts in California:

> The first test requires "that the public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." [*Id.*; citations omitted].

> The second test asks "whether the alleged business practice 'is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim.'" [Id; citations omitted].

> The third test draws on the "unfair" definition in the Federal Trade Commission Act under the Federal Trade Commission and requires that "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." [*Id.*; citations omitted].

In the count alleging unfair conduct, Plaintiff asserts that "Defendant's business practices… are 'unfair' because it [sic] fails to disclose accurately the preservatives used in the Products." (ECF No. 1, ¶ 59, p. 12). Plaintiff offers the conclusory statement that Defendant continues to market the Scheibe Products in a manner that offends public policy and is otherwise is immoral or unethical. (*Id.*, ¶ 61). Plaintiff's allegations of a public policy violation and of an oppressive or substantially injurious practice are also unadorned conclusions. (*Id.*) Such generalized allegations do not come close to alleging sufficient facts to state a claim under any of the aforementioned tests for unfair conduct under the UCL. Plaintiff's bare bones allegation of unfairness fails to state a UCL claim

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

for unfair conduct and dismissal of that claim is proper.

**3.   Plaintiff's UCL Claim Of "Unlawful Conduct", at Count Three, Fails Because Plaintiff Does not Assert a Predicate Violation of the Law**

To support a claim under the "unlawful" prong of the UCL, a plaintiff must adequately plead a predicate violation of the law. *Lopes v.* Washington *Mut. Bank, FA*, 302 F.3d 900, 907 (9th Cir. 2002). However, Plaintiff's UCL claim, based on unlawful conduct, fails to plead any predicate law violation. Plaintiff asserts that Defendant engaged in "unlawful" conduct because "it fails to disclose accurately the preservative used in the Products." (Compl., ¶ 76, p.14). Yet, Plaintiff cites to no law that has been allegedly violated. Due to Plaintiff's failure to allege any predicate law violation, he fails to state a claim under the unlawful prong of the UCL.

**4.   Plaintiff's CLRA Claim, at Count Five, Is Based On An Alleged Non-Disclosure But Fails to Allege Any Circumstances That Would Establish A Duty to Disclose To Plaintiff**

At Count 5, Plaintiff asserts Defendant violated the CLRA because it "deceptively failed to reveal facts that are material in light of the 'No Preservatives' representation . . . ." (Compl., ¶ 108, p. 16). Defendant also alleges that Defendant manufactures the Scheibe Products. (*Id.*, p.1; ¶ 19, p. 4).

According to *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1142 (9th Cir. 2012), the following four circumstances may create a duty on the part of a manufacturer to disclose information to a purchaser:

> (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact. [*Id.*].

Plaintiff's claim of liability, for a failure to disclose facts, lacks allegations that are necessary to state that a duty to disclose exists. He does did assert any fiduciary duty existed, that Defendant had any exclusive knowledge, conducted any active

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

concealment; and/or that Defendant suppressed information.  Consequently, Plaintiff fails to state a claim, under the CLRA, that Defendant "deceptively failed" to disclose facts.

### 5. Plaintiff Fails To State a Claim for Equitable Relief Because He Does Not Allege an Inadequate Remedy At Law

The Ninth Circuit has held that "a federal court must apply traditional equitable principles before awarding restitution under the UCL and CLRA." *Sonner v. Premier Nutrition Corporation,* 971 F.3d 834, 841 (9th Cir. 2020).  In doing so, the court affirmed the dismissal of a complaint by the trial court ruling that a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Id.* at 844.

Subsequent courts have applied *Sonner* to dismiss equitable claims seeking restitution when unaccompanied by plausible allegations that the plaintiffs lack an adequate remedy at law.  *See Roffman v. Rebbl, Inc.*, No. 22-CV-05290-JSW, 2023 WL 1420724, at *6 (N.D. Cal.  Jan. 31, 2023) (dismissing plaintiff's claims for equitable relief); *Hanscom v. Reynolds Consumer Prod. LLC*, No. 21-CV-03434-JSW, 2022 WL 591466, at *3 (N.D. Cal. Jan. 21, 2022) (same); *Nacarino v. Chobani, LLC*, No. 20-CV-07437-EMC,  2021 WL 3487117,  at *13 (N.D. Cal.  Aug. 9,  2021) (dismissing claims for restitution and disgorgement); *see also Almeida v. Apple, Inc.*, No. 21-CV-07109-VC, 2022 WL 1514665, at *1 (N.D. Cal. May 13, 2022) (dismissing claims for equitable relief because the complaint failed to provide a theory that differs in any meaningful way from the plaintiffs' claims for damages and failed to allege plaintiffs lacked an adequate remedy at law).

Plaintiff sues for money damages under the CLRA. (ECF No. 1, ¶ 112, p. 17 and Prayer for Relief Par. C).  Plaintiff also seeks restitution under the UCL, FAL, CLRA and an in conjunction with his unjust enrichment claim.  (*Id.*, ¶ 120, p. 18; and Prayer for Relief Par. C).  All of Plaintiff's claims for relief are based upon the same alleged conduct in that Plaintiff alleges financial harm and/or losing money as a result of

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

1  Defendant's conduct. (*Id.*, ¶ 60, p. 12; ¶ 68, p. 13;¶ 76, p. 14; ¶ 112, p. 17; ¶ 118, p.

2  18; ¶ 126, p. 19). Where the alleged injury is a loss of money, money damages are an

3  adequate remedy. *See Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907–08 (N.D.

4  Cal. 2021) (rejecting plaintiffs' argument that damages are not an adequate remedy for

5  harm resulting in loss of money); *see also Garrison v. Whole Foods Market Group,*

6  *Inc.,* 13-cv-05222-VC, 2014 WL 2451290, at *6 (N.D. Cal. June 2, 2014) (holding that

7  a claim for unjust enrichment, that duplicates a plaintiff's claim under other statutes or

8  the common law, may be dismissed).

9        However, Plaintiff does not allege the lack of an adequate remedy at law. That

10  material deficiency in the pleading, pursuant to the rationale under *Sonner*, authorizes

11  dismissal of all claims for equitable relief in the form of restitution and unjust

12  enrichment.

13      **6.**   **<u>Plaintiff Has Not Stated a Claim for Unjust Enrichment As: (a) No</u>**

14            **<u>Cause of Action Exists; (b) It is Duplicative Of Other Claims; and (c)</u>**
          **<u>Lacks Requisite Facts</u>**

15        As stated in *Astiana v. Hain Celestial*, 783 F.3d 753, 762 (9th Cir. 2015), "there

16  is not a standalone cause of action for 'unjust enrichment,' which is synonymous with

17  'restitution'." *Id.* (citing and quoting *Durell v. Sharp Healthcare,* 183 Cal. App. 4th

18  1350 (2010) and *Jogani v. Superior Court,* 165 Cal. App. 4th 901, 910 (2008)); *see*

19  *also In re Lidoderm Antitrust Litig.*, 103 F. Supp. 3d 1155, 1176 (N.D. Cal. 2015)

20  ("[t]he weight of authority in California state and federal court decisions is that unjust

21  enrichment does not state an independent claim under California law). The Ninth

22  Circuit in *Astiana* held that when a plaintiff alleges unjust enrichment, "a court may

23  'construe the cause of action as a quasi-contract claim seeking restitution.'" *Astiana*,

24  783 F.3d at 762. (citing and quoting *Rutherford Holdings, LLC v. Plaza Del Rey,* 223

25  Cal. App. 4th 221, 230 (2014)).

26        Courts regularly dismiss claims for unjust enrichment, where, as here, the claim

27  is "merely duplicative" of other claims that seek restitution. *Robie v. Trader Joe's Co.*,

28  2021 WL 2548960, at *7 (N.D. Cal. June 14, 2021); *see also Lamke v. Sunstate Equip*

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

1  *Co.*, *LLC* 387 F. Supp. 2d 1044, 1047 (N.D. Cal. 2004) (quoting 2-12 Moore's Fed.
2  Practice § 12.37[3] ("[c]ourts will strike a claim as 'redundant' when it essentially
3  repeats another claim in the same complaint")).

4      Plaintiff alleges that Defendant "through its marketing and labeling of the Products,
5  misrepresented and deceived consumers regarding the use of preservatives in the
6  Products . . . for the purpose of enriching itself . . . ." (Compl., ¶¶ 115-116, p. 17).  These
7  same factual allegations form the basis of Plaintiff's UCL claims.  (*Id.*, ¶¶ 58-63, pp. 12-13;
8  ¶¶ 67-71, pp. 13-14; ¶¶75-79, pp. 14-15).  The unjust enrichment claim is duplicative of
9  Plaintiff's UCL claims because it is based on the same alleged conduct, allegedly deceptive
10  labels, and seeks the same relief.  Because no independent factual grounds are pled for
11  unjust enrichment, that claim is duplicative of the UCL claims.

12      Lastly, the unjust enrichment claims fails because Plaintiff does not plead facts
13  demonstrating Defendant's "receipt of a benefit and [the] unjust retention of the benefit
14  at the expense of [Plaintiff]."  *Peterson v. Cellco P'ship*, 164 Cal.  App. 4th 1583, 1593
15  (2008) (citation and quotation marks omitted; second alteration added); *see also*
16  *Troyk v. Farmers Crp., Inc.*, 171 Cal.  App. 4th 1305, 1339 (2009) ("A person who has
17  been unjustly enriched at the expense of another is required to make restitution to the
18  other.  A person is enriched if he receives a benefit at another's expense") (citation and
19  quotation marks omitted).   Here, Plaintiff has not alleged facts to establish that
20  Defendant received any benefit such that it was unjustly enriched at Plaintiff's expense.

21      Based upon any one of these three reasons, dismissal of the unjust enrichment
22  claim is warranted.

23                              **IV.  CONCLUSION**

24      Based upon the first to file rule, Plaintiff's failure to plead fraud with the required
25  particularity as to all causes of action, his lack of standing to seek injunctive relief, the
26  FDCA preemption provisions that preclude all claims, his failure to assert allegations
27  sufficient state a claims under the UCL, the CLRA and for equitable relief, and the
28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO DISMISS COMPLAINT

1 | failure to state a claim for unjust enrichment, Defendants respectfully request that the
2 | Court grant Defendant's motion to dismiss or otherwise stay this action.

3 | Dated:  August 11, 2023

**STEVENS & LEE**

By:   /s/*Robert P. Donovan*
      ROBERT PAUL DONOVAN
      NICHOLAS HOWARD PENNINGTON

**WILSON TURNER KOSMO LLP**
MERYL C. MANEKER
LETICIA C. BUTLER
OLIVIA J. MINER

Attorneys for Defendant,
Arizona Beverages USA, LLC

-20-     Case No. 3:23-cv-00998-RBM-BLM